United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RICHARD SHELBY BOGOLUB,

Plaintiff,

v.

BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM,

Defendant.

Case No.26-cv-06164-ASK

**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND SCREENING PLAINTIFF'S COMPLAINT**

Re: Dkt. No. 2

On June 22, 2026, Plaintiff Richard Shelby Bogolub filed this civil action and an Application to Proceed *In Forma Pauperis*. *See generally* Dkts. 1, 2. Pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915, the Court assesses the Application (Dkt. 2) and screens the Complaint (Dkt. 1), as follows.

Ordinarily, a plaintiff bringing a civil action in federal court must pay a filing fee. *See* 28 U.S.C. § 1914(a). But a federal court "may authorize the commencement" of a civil suit without prepayment of fees if the plaintiff submits an affidavit which "includes a statement of all assets" and which shows that the plaintiff is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The IFP statute does not provide further instruction with respect to assessing indigency, which leaves the granting or denying of IFP status "within the sound discretion of the district court." *See Venable v. Meyers*, 500 F.2d 1215, 1216 (9th Cir. 1974) (citations omitted). Here, the Court has considered Plaintiff's affidavit and finds that it satisfies the requirements of Section 1915(a)(1). *See generally* Dkt. 2. The Court accordingly GRANTS Plaintiff's Application to Proceed *In Forma Pauperis*.

The IFP statute also provides for dismissal if at any time the Court determines that the allegation of poverty is untrue or that the action "(i) is frivolous or malicious; (ii) fails to state a

claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); *see Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 1987) (recognizing the general proposition that a complaint should be dismissed as frivolous on Section 1915 review where subject matter jurisdiction is lacking).

The Court has screened Plaintiff's Complaint pursuant to Section 1915(e)(2)(B). The Clerk of Court SHALL issue the summons. Furthermore, the U.S. Marshal for the Northern District of California SHALL serve, without prepayment of fees, a copy of the Complaint, any amendments or attachments, and this Order upon Defendants.

While this case is pending, Plaintiff must promptly inform the Court of any change of address. Failure to do so may result in dismissal of this action. Because Plaintiff is unrepresented, he may wish to contact the Federal Pro Bono Project's Help Desk—a free service for unrepresented litigants—for assistance by calling (415) 782-8982 to make an appointment. While the Help Desk does not provide legal representation, a licensed attorney there may assist Plaintiff in preparing his case. Plaintiff may also wish to consult a handbook and other resources that the Court has developed to assist unrepresented litigants, which may be accessed at: https://cand.uscourts.gov/pro-se-litigants/.

**IT IS SO ORDERED.**

Dated: July 30, 2026

AJAY S. KRISHNAN
United States Magistrate Judge